```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA        :

        - against -             :     ORDER
                                      16 Civ. 4400 (DC)
JESUS MENDEZ,                   :     96 Cr. 317 (DC)

                Defendant.      :

- - - - - - - - - - - - - - - - - -x
```

**DENNY CHIN, Circuit Judge:**

        Defendant Jesus Mendez, currently incarcerated in Pennington Gap, Virginia and proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence entered in the underlying criminal case. See United States v. Morales, 974 F. Supp. 315, 317 (S.D.N.Y. 1997), aff'd sub nom. United States v. Diaz, 25 F. App'x 27, 31 (2d Cir. 2001), cert. denied, 535 U.S. 950 (2002). For the reasons set forth below, the Court transfers this matter to the United States Court of Appeals for the Second Circuit.

        In his submission, Mendez argues that his sentence should be vacated because he was found guilty of a crime he was not charged with and his written sentence differed from his oral sentence. Although he purports to seek relief because the court lacks subject matter jurisdiction and new evidence has been discovered, his request is essentially a § 2255 motion. I

previously denied a § 2255 motion filed by Mendez, see Mendez v. United States, 379 F. Supp. 2d 589, 599 (S.D.N.Y. 2005), and he currently has a successive § 2255 motion pending before the Second Circuit in a matter in which he represented by counsel, see Mendez v. United States, No. 16-4400, (S.D.N.Y. filed June 9, 2016).

A defendant needs permission from the Circuit court to file a successive § 2255 motion. See 28 U.S.C. § 2255(h). In the interest of justice, the Court transfers this matter to the United States Court of Appeals for the Second Circuit to decide whether to grant Mendez leave to file another successive § 2255 motion. See 28 U.S.C. § 1631; see also Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action. If the Court of Appeals authorizes Mendez to file a successive motion, he shall move to reopen this case under this civil docket number.

As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

Dated:    New York, New York
           March 31, 2020

                              ___s/Denny Chin_____
                              DENNY CHIN
                              United States Circuit Judge
                              Sitting By Designation