```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :        ORDER

          - against -            :        16 Civ. 4400 (DC)
                                           96 Cr. 317 (DC)
JESUS MENDEZ,                     :

                    Defendant.   :

- - - - - - - - - - - - - - - - - -x
```

**CHIN, Circuit Judge:**

Defendant Jesus Mendez filed a Rule 60(b) motion on March 18, 2020.  96 Cr. 317 Dkt. No. 181.  On March 31, 2020, the Court issued an order construing that motion as a successive § 2255 motion because it related to Mendez's underlying conviction, and the Court transferred the matter to the United States Court of Appeals for the Second Circuit to decide whether to grant Mendez leave to file the successive § 2255 motion.  16 Civ. 4400 Dkt. No. 6.

On February 1, 2022, while the prior matter was pending in the Second Circuit, Mendez filed a new Rule 60(b) motion, seeking relief from the Court's March 31, 2020, order.  16 Civ. 4400 Dkt. No. 20.  This new Rule 60(b) motion is now before the Court.

In the meantime, on April 4, 2022, the Second Circuit denied Mendez leave to file a successive § 2255 motion because

Mendez failed to make "a prima facie showing that the
requirements of § 2255(h) are satisfied."  16 Civ. 4400 Dkt. No.
21 at 2.

As for the present Rule 60(b) motion, Mendez argues
that this Court erred in treating his prior Rule 60(b) motion as
a successive § 2255 motion.  16 Civ. 4400 Dkt. No. 20 at 2.  The
Court assumes the motion is timely, as Mendez provides a
declaration under penalty of perjury that he mailed the motion
on March 22, 2021, which was within a year of entry of the
order.  16 Civ. 4400 Dkt. No. 20 at 6; Fed. R. Civ. P. 60(c)(1).

The present Rule 60(b) motion is nevertheless denied
because the March 31, 2020, order was not a "final judgment,
order, or proceeding" reviewable under Rule 60(b).  Fed. R. Civ.
P. 60(b); *see also SongByrd, Inc. v. Estate of Grossman*, 206
F.3d 172, 176 (2d Cir. 2000)("A transfer order is an
interlocutory order.").  Moreover, to the extent the current
Rule 60(b) motion is in essence a motion for reconsideration of
my March 31, 2020 order, it is also denied.  First, it is
untimely.  Second, the Court properly construed Mendez's March
18, 2020, motion as a successive § 2255 motion because it
challenged his underlying convictions.  *Harris v. United States*,
367 F.3d 74, 82 (2d Cir. 2004) (holding that when a Rule 60(b)
motion "attacks the underlying conviction," the district court

-2-

"may treat the Rule 60(b) motion as a 'second or successive' habeas petition, in which case it should be transferred to [the Second Circuit.]").  Third, the matter is now moot, as the Second Circuit has now considered the matter and denied Mendez leave to file a successive § 2255 motion for the reasons set forth in its April 4, 2022, order.[1]

For the reasons set forth above, Mendez's motion for relief from the Court's March 31, 2020, order is **DENIED**.  The Clerk of the Court is directed to send a copy of this Order to Mendez at the address listed below.

SO ORDERED.

Dated:   New York, New York
         April 25, 2022

_____s/Denny Chin_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation

To:  Jesus Mendez, 38655-054
     U.S.P. Lee
     P.O. Box 305
     Jonesville, VA 24263

---

[1]    The Court notes that Mendez had previously received permission from the Second Circuit to file a successive § 2255 motion, 96 Cr. 318 Dkt. No. 185, and that motion was denied by this Court on June 2, 2021.  96 Cr. 318 Dkt. No. 216.  The Court granted Mendez a certificate of appealability for his successive § 2255 motion.  96 Cr. 318 Dkt. No. 220.  The matter is currently pending before the Second Circuit at No. 21-1536.

-3-